**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KARYN JOHNSON, aka KITTY/MILLY, an individual, | § § § | |
| **Plaintiff** | § § § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-00663 |
| HOUSTON KP, LLC D/B/A POLEKATZ HOUSTON F/KA SCORES; HOUSTON KP MANAGER, LLC; SANAD IBRAHIM; ANTHONY QUARANTA, MIKE DOE AND EDDIE DOE, individuals, | § § § § § § | |
| **Defendants.** | § | |

<u>**MOTION TO DISMISS PURSUANT TO 9 U.S.C. § 4**</u>

Pursuant to 9 U.S.C. § 4, Defendants Houston KP, LLC d/b/a Polekatz Houston f/k/a Scores, Houston KP Manager, LLC, Sanad Ibrahim, and Anthony Quaranta ("Defendants") move to dismiss the claims and this civil action brought by Mariah Carpenter, Jasmine Thomas, Christina Vital, Sydne Holloway, Madeline Rush, Carolyn Simon, Brittney Hailey, Samantha Avie, Heather Masterpool, Alexis Ramsey, Kaycie Newman, Victoria Manriquez, Angela Gabbard, Kitira Dikeman, Simone Galloway, Jazmine Mohamed, Rici Rachel, Aleisa Pena, Breann Oneal, Tatiana Vasquez, Polina White, and Amayja Session ("Plaintiffs"). [*See* Docket Entries Nos. 46, 47, 49, 50, 53, 54, and 55].

<u>**SUMMARY**</u>

Defendants file this Motion to Dismiss because many of the dancers who opted into the lawsuit as Plaintiffs signed valid and enforceable arbitration agreements. Their claims against Defendants should be dismissed for lack of jurisdiction.

<u>**MOTION TO DISMISS EXHIBITS**</u>

Exhibit A - Entertainer Application of Mariah Carpenter

Exhibit B - Entertainer Application of Jasmine Thomas

Exhibit C -  Entertainer Application of Christina Vital

Exhibit D - Entertainer Application of Sydne Holloway

Exhibit E - Entertainer Application of Madeline Rush

Exhibit F - Entertainer Application of Carolyn Simon

Exhibit G - Entertainer Application of Brittney Hailey

Exhibit H - Entertainer Application of Samantha Avie

Exhibit I - Entertainer Application of Heather Masterpool

Exhibit J - Entertainer Application of Alexis Ramsey

Exhibit K - Entertainer Application of Kaycie Newman

Exhibit L - Entertainer Application of Victoria Manriquez

Exhibit M - Entertainer Application of Angela Gabbard

Exhibit N - Entertainer Application Kitira Dikeman

Exhibit O - Entertainer Application of Simone Galloway

Exhibit P - Entertainer Application of Jazmine Mohamed

Exhibit Q - Entertainer Application of Rici Rachel

Exhibit R -  Entertainer Application of Aleisa Pena

Exhibit S - Entertainer Application of Breann Oneal

Exhibit T - Entertainer Application of Tatiana Vasquez

Exhibit U - Entertainer Application of Polina White

Exhibit V - Entertainer Application of Amayja Session

Exhibit W - Business Records Affidavit

Exhibit X - Proposed Order Granting Defendants' Motion to Dismiss Pursuant to 9 U.S.C. § 4

## FACTUAL BACKGROUND

This is a purported collective action brought by twenty-six (26)  Plaintiffs, 23 of which joined during the  opt-in period that extended from September 13, 2021 to November 13, 2021 pursuant to the Fair Labor Standards Act ("FLSA") for work they allegedly performed at Defendant Houston KP, LLC d/b/a Polekatz Houston f/k/a Scores ("Polekatz"). Dancers obtain access to provide dance services at Defendant Houston KP, LLC d/b/a Polekatz Houston f/k/a Scores, a club  owned  and  operated  by  Defendant  Houston KP Manager, LLC ("KP Manager") by executing an Entertainer Application. On March 26, 2019, Mariah Carpenter executed an Entertainer Application with Defendant *(See* Exhibit A). On April 10, 2019, Jasmine Thomas executed an Entertainer Application with Defendant *(See* Exhibit B). On November 24, 2019, Christina Vital executed an Entertainer Application  with Defendant *(See* Exhibit C). On June 15, 2018, Sydne Holloway executed an Entertainer Application with Defendant *(See* Exhibit D). On June 13, 2019, Madeline Rush executed an Entertainer Application with Defendant *(See* Exhibit E). On January 1, 2019,  Carolyn Simon executed an Entertainer Application with Defendant *(See* Exhibit F). On September 16, 2019, Brittney Hailey executed an Entertainer Application with Defendant *(See* Exhibit G). On  January 8,  2019,  Samantha Avie  executed  an  Entertainer  Application  with Defendant *(See* Exhibit H). On July 17, 2019, Heather Masterpool executed an Entertainer Application with Defendant *(See* Exhibit I). On February 25, 2019, Alexis Ramsey executed an Entertainer Application with Defendant *(See* Exhibit J). On February 14, 2019, Kaycie

Newman executed an Entertainer Application with Defendant (*See* Exhibit K). On February 10, 2019, Victoria Manriquez executed an Entertainer Application with Defendant (*See* Exhibit L). On April 8, 2019, Angelea Gabbard executed an Entertainer Application with Defendant (*See* Exhibit M). On, March 8, 2019, Kitira Dikeman executed Entertainer Application with Defendant (*See* Exhibit N). On October 22, 2018 and January 2, 2019, Simone Galloway executed an Entertainer Applications with Defendant (*See* Exhibit O). On November 24, 2019, Jazmine Mohamed executed an Entertainer Application with Defendant (*See* Exhibit P). On August 30, 2018, Rici Rachel executed an Entertainer Application with Defendant (*See* Exhibit Q). On July 7, 2017, Aleisa Pena executed an Entertainer Application with Defendant (*See* Exhibit R). On October 6, 2017, Breann Oneal executed an Entertainer Application with Defendant (*See* Exhibit S). On September 24, 2017, Tatiana Vasquez executed an Entertainer Application with Defendant (*See* Exhibit T). On December 8, 2017, Polina White executed an Entertainer Application with Defendant (*See* Exhibit U). On February 24, 2020, Amayja Session executed an Entertainer Application with Defendant (*See* Exhibit V).

Entertainer Applications attached as Exhibits A-Q contain the exact same comprehensive arbitration provision, which includes a class and collective action waiver:

**21. MUTUAL AGREEMENT TO ARBITRATE/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS.**

**IN ORDER TO RESOLVE DISPUTES THAT MAY ARISE OUT OF ENTERTAINER PERFORMING OR HAVING PERFORMED AT THIS CLUB, THE CLUB HAS ESTABLISHED A PRIVATE "ARBITRATION" PROCESS SET OUT IN THIS PARAGRAPH 21. ARBITRATION IS SIMILAR TO A COURT PROCEEDING BUT IS LESS FORMAL, LESS TIME-CONSUMING, AND CAN BE LESS EXPENSIVE THAN GOING TO COURT.**

4

THROUGH ARBITRATION, THE PARTIES AGREE TO HAVE DISPUTES THAT CANNOT OR WILL NOT BE DECIDED AND CONCLUDED BY AN ADMINISTRATIVE AGENCY (REFERRED TO IN THIS PARAGRAPH 21 AS "NON-ADMINISTRATIVE" DISPUTES OR CLAIMS) RESOLVED BY AN"ARBITRATOR", INSTEAD OF BY A COURT OR JURY. THE ARBITRATOR IS USUALLY A LAWYER AND IS SOMETIMES A RETIRED JUDGE.

THE PARTIES AGREE THAT ALL NON-ADMINISTRATIVE DISPUTES SHALL BE RESOLVED AND ADMINISTERED AS FOLLOWS:

A.   ANY CONTROVERSY, DISPUTE, OR CLAIM ARISING OUT OF, OR RELATING IN ANY WAY TO, THIS LEASE, ITS TERMINATION, ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME, OR THE TERMINATION OF SUCH PERFORMANCES OR WORK (COLLECTIVELY IN THIS PARAGRAPH 21, A "CLAIM" OR "CLAIMS"), SHALL BE RESOLVED EXCLUSIVELY BY BINDING ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (THE "F.A.A.").

THIS REQUIREMENT TO ARBITRATE ANY AND ALL NON-ADMINISTRATIVE CLAIMS APPLIES REGARDLESS OF:

i)   WHETHER SUCH A CLAIM IS BASED UPON CONTRACT, COMMON LAW, EQUITY, STATUTE, REGULATION, ORDINANCE, OR OTHERWISE; AND

ii)   WHETHER A CLAIM BY ONE PARTY IS ONLY AGAINST THE OTHER PARTY OR IS ALSO, OR IS ALTERNATIVELY, AGAINST PERSONS OR ENTITIES ASSOCIATED IN ANY WAY WITH THE OTHER PARTY, INCLUDING BUT NOT LIMITED TO PREDECESSORS IN INTEREST, SUCCESSORS IN INTEREST, HEIRS, AND ALL PAST, PRESENT, AND FUTURE OWNERS, DIRECTORS, MANAGERS, OFFICERS, EMPLOYEES, CONSULTANTS, LANDLORDS, LICENSORS, AGENTS, LEGAL REPRESENTATIVES, EXECUTORS, ADMINISTRATORS, AND ASSIGNEES; WITH EACH SUCH INDIVIDUAL AND ENTITY ALSO BEING CONSIDERED TO BE A "PARTY" FOR PURPOSES OF THIS PARAGRAPH 21.

THE ARBITRATION PROCEEDING SHALL OCCUR IN THE STATE OF ILLINOIS, AND SHALL BE ADMINISTERED BY AN INDEPENDENT NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD -- SUBJECT ONLY TO THE

5

RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21 -- ANY RELIEF AVAILABLE IN A COURT.

THE PARTIES WAIVE THE RIGHT TO LITIGATE ALL SUCH NON-ADMINISTRATIVE CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. THESE WAIVERS APPLY TO ALL STATUTORY CLAIMS OF EVERY CONCEIVABLE KIND OR NATURE WHATSOEVER (EXCEPT, AGAIN, TO CLAIMS IN ADMINISTRATIVE AGENCIES WHICH, AS REFERENCED IN THE "NOTE" ABOVE, ARE NOT GOVERNED BY THIS PARAGRAPH 21), INCLUDING BUT NOT LIMITED TO CLAIMS THAT SEEK WAGES AND/OR OTHER EMPLOYMENT BENEFITS, OR THAT ALLEGE HARASSMENT, DISCRIMINATION, OR THE UNLAWFUL PROVIDING OF ALCOHOL ("DRAM SHOP" LIABILITY).

NO DEMAND FOR ARBITRATION MAY BE MADE AFTER THE DATE WHEN THE COMMENCEMENT OF LEGAL OR EQUITABLE PROCEEDINGS BASED ON SUCH A CLAIM WOULD BE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

SUBJECT ONLY TO THE TERMS OF THE F.A.A. AND THIS PARAGRAPH 21, THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE FORMATION, VALIDITY, INTERPRETATION, SCOPE, AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THE ARBITRATION PROVISIONS CONTAINED IN THIS PARAGRAPH 21.

EACH PARTY SHALL INITIALLY BE RESPONSIBLE FOR ITS/THEIR OWN ATTORNEY FEES AND OUT-OF-POCKET COSTS ASSOCIATED WITH THE ARBITRATION PROCEEDING. THE ACTUAL COSTS OF ARBITRATION (THE ARBITRATOR'S FEES AND RELATED EXPENSES) SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND THE CLUB UNLESS APPLICABLE LAW REQUIRES THE ARBITRATOR TO IMPOSE A DIFFERENT ALLOCATION.

EITHER PARTY MAY REQUEST AN ARBITRATOR EXPERIENCED IN THE ADULT ENTERTAINMENT INDUSTRY. THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THAT LEVEL OF DUE PROCESS REQUIRED FOR ARBITRATIONS. THE ARBITRATOR'S DECISION (WHICH IS TO BE IN WRITING) SHALL BE FINAL, SUBJECT ONLY TO REVIEW UNDER THE F.A.A. OR AS PROVIDED FOR IN THIS PARAGRAPH 21. ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

**B.**  **ENTERTAINER AND THE CLUB AGREE THAT ANY AND ALL NON-ADMINISTRATIVE CLAIMS THAT THEY MAY HAVE AGAINST THE OTHER (AND/OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED WITH THE OTHER), SHALL BE BROUGHT AND MAINTAINED INDIVIDUALLY BY THAT PARTY IN ARBITRATION; THAT THEY WILL NOT CONSOLIDATE THEIR CLAIMS WITH THOSE OF ANY OTHER PERSON OR ENTITY; THAT THEY WILL NOT SEEK CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION TREATMENT FOR ANY CLAIM; AND THAT THEY WILL NOT PARTICIPATE, IN ORDER TO RESOLVE A CLAIM, IN ANY CLASS, COLLECTIVE, OR REPRESENT ATIVE ACTION AGAINST THE OTHER (AND/OR AGAINST PERSONS OR ENTITIES ASSOCIATED WITH THE OTHER).**

**ACCORDINGLY, THE ARBITRATOR SHALL NOT CONSOLIDATE THE CLAIMS OF MORE THAN ONE PERSON OR ENTITY, AND MAY NOT PRESIDE OVER ANY FORM OF REPRESENTATIVE, CLASS, OR COLLECTIVE PROCEEDINGS. IN THE EVENT AN ACTION IS BROUGHT IN ARBITRATION ON BEHALF OF MULTIPLE INDIVIDUALS AND/OR ENTITIES, THE ARBITRATOR SHALL HAVE ONLY THE AUTHORITY TO DIVIDE THE ACTION INTO INDIVIDUAL PROCEEDINGS; EACH THEN TO BE HEARD BY AN INDIVIDUAL ARBITRATOR.**

**SHOULD AN ARBITRATOR RULE ON WHETHER A MATTER MAY PROCEED AS A REPRESENTATIVE, CLASS OR COLLECTIVE ARBITRATION (A "SCOPE OF ARBITRATION RULING"), THE ARBITRATOR SHALL IMMEDIATELY STAY ALL PROCEEDINGS FOR A PERIOD OF THIRTY (30) DAYS FOLLOWING SUCH A RULING TO PERMIT ANY PARTY TO MOVE A COURT OF COMPETENT JURISDICTION TO CONFIRM OR VACATE THE SCOPE OF ARBITRATION RULING BY DETERMINING WHETHER THE SCOPE OF ARBITRATION RULING IS IN ACCORDANCE WITH APPLICABLE LAW AND THE TERMS OF THIS PARAGRAPH 21(B). IF, AT THE END OF SUCH 30 DAY PERIOD, NO PARTY HAS MOVED FOR JUDICIAL REVIEW, THE ARBITRATOR SHALL PROCEED WITH THE ARBITRATION. HOWEVER, IF ANY PARTY HAS SOUGHT JUDICIAL REVIEW DURING THAT PERIOD, THE ARBITRATION SHALL BE STAYED UNTIL THE RULING OF THE COURT AND THE CONCLUSION OF ANY AND ALL APPEALS FROM SUCH RULING.**

**IN THE EVENT THAT ANY PARTY IS MADE, AT ANY TIME, A MEMBER OF A CLASS IN ANY PROCEEDING BARRED BY THE PROVISIONS OF THIS PARAGRAPH 21(B), THE PARTY AGREES TO "OPT OUT" AT THE FIRST OPPORTUNITY.**

C.     IF AT ANY TIME THE PROVISIONS OF PARAGRAPH 21(B) THAT
       REQUIRE CLAIMS ONLY TO BE BROUGHT ON AN INDIVIDUAL BASIS
       ARE RULED TO BE UNENFORCEABLE, THEN THE ARBITRATION MAY
       PROCEED   AS AN OPT IN COLLECTIVE ACTION GENERALLY
       UTILIZING THE PROCEDURES ADOPTED UNDER 29 UNITED STATES
       CODE SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT FOR
       DETERMINING THE PARTICIPANTS IN SUCH AN ACTION.

       UNDER NO CIRCUMSTANCE SHALL AN ARBITRATION PROCEED ON
       A CLASS ACTION, OPT OUT, BASIS; THE PARTIES SPECIFICALLY
       INTENDING THAT IF CLASS ACTION PROCEEDINGS ARE DEEMED TO
       BE LEGALLY REQUIRED FOR ANY CLAIM, THEN THEY AND ALL
       OTHER RELATED CLAIMS SHALL BE ADMINISTERED BY A COURT OF
       LAW.

D.     SHOULD A PARTY SEEK EMERGENCY RELIEF TO PREVENT OR
       ABATE ALLEGED IRREPARABLE HARM AND THE PARTIES BE
       UNABLE TO AGREE TO AN ARBITRATOR WITHIN THREE (3) BUSINESS
       DAYS, THE PARTIES SHALL JOINTLY PETITION A COURT OF
       COMPETENT JURISDICTION FOR APPOINTMENT OF A NEUTRAL
       ARBITRATOR TO PRESIDE OVER THE REQUEST FOR EMERGENCY
       RELIEF.

E.     IN THE EVENT THAT ANY PARTY CHALLENGES, OR IS REQUIRED TO
       INITIATE PROCEEDINGS TO ENFORCE,    THE ARBITRATION
       REQUIREMENTS OF THIS PARAGRAPH 21, THE PREVAILING PARTY
       TO SUCH CHALLENGES/ENFORCEMENT PROCEEDINGS SHALL BE
       ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE
       ATTORNEY FEES, INCURRED IN LITIGATING SUCH ISSUES.

       IN ADDITION, IF A PARTY CHALLENGES, OPPOSES, OR FAILS TO
       CONSENT TO, THE ENFORCEABILITY OF THE ARBITRATION
       REQUIREMENTS CONTAINED IN THIS PARAGRAPH 21, ANY PARTY
       THAT PREVAILS IN OBTAINING ENFORCEMENT OF THESE
       ARBITRATION PROVISIONS SHALL BE ENTITLED TO AN AWARD OF
       ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, INCURRED
       IN LITIGATING ANY OTHER MATTERS IN A COURT OF LAW THAT
       WOULD NOT HAVE BEEN NECESSARY HAD THE CLAIM(S) INITIALLY
       BEEN BROUGHT IN ARBITRATION UNDER THE TERMS OF THIS
       PARAGRAPH 21.

F.     ANY RULING ARISING OUT OF A CLAIM BETWEEN THE PARTIES
       SHALL, TO THE EXTENT NOT PRECLUDED BY LAW, AWARD COSTS

INCURRED FOR THE PROCEEDINGS, INCLUDING REASONABLE ATTORNEY FEES, TO THE PREVAILING PARTY.

G.   THE ARBITRATION PROVISIONS OF THIS PARAGRAPH 21 SUPERSEDE ANY PRIOR ARBITRATION AGREEMENT(S) ENTERED INTO BETWEEN THE CLUB AND THE ENTERTAINER.

ALL PORTIONS OF THIS PARAGRAPH 21 SURVIVE EXPIRATION, TERMINATION, AND/OR CANCELLATION OF THIS LEASE.

Entertainer Applications attached as Exhibits R-T contain the following comprehensive arbitration provision, which includes a class and collective action waiver:

**21. <u>MANDATORY ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS.</u>**

A.   EXCEPT FOR ANY ADMINISTRATIVE PROCEEDINGS THAT ARE NOT LEGALLY BARRED BY THIS PARAGRAPH, ANY CONTROVERSY, DISPUTE, OR CLAIM ARISING OUT OF THIS LEASE OR RELATING IN ANY WAY TO ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME (IN THIS PARAGRAPH 21, COLLECTIVELY "CLAIM"), WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY <u>BINDING ARBITRATION</u> HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (THE "F.A.A."). SUCH   ARBITRATION SHALL OCCUR IN THE STATE OF COLORADO, AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO. THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21, ANY RELIEF AVAILABLE IN A COURT. <u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.</u>

THE ARBITRATOR SHALL NOT CONSOLIDATE MORE THAN ONE PERSON'S CLAIM, AND MAY NOT PRESIDE OVER ANY FORM OF. REPRESENTATIVE CLASS, OR COLLECTIVE PROCEEDINGS. IN THE EVENT AN ACTION IS BROUGHT IN ARBITRATION ON BEHALF OF MULTIPLE INDIVIDUALS, THE ARBITRATOR SHALL HAVE ONLY THE AUTHORITY   TO DIVIDE THE ACTION INTO INDIVIDUAL PROCEEDINGS; EACH THEN TO BE HEARD BY AN INDIVIDUAL ARBITRATOR.

IN THE EVENT AN ARBITRATOR RULES ON WHETHER A MATTER MAY

9

PROCEED AS A REPRESENTATIVE, MULTIPLE-LITIGANT, CLASS OR COLLECTIVE ARBITRATION (A "SCOPE OF ARBITRATION RULING"), THE ARBITRATOR SHALL IMMEDIATELY STAY ALL PROCEEDINGS FOR A PERIOD THIRTY (30) DAYS FOLLOWING SUCH A RULING TO PERMIT ANY PART TO MOVE A COURT OF COMPETENT JURISDICTION TO CONFIRM OR VACATE THE SCOPE OF ARBITRATION RULING. IF, AT THE END OF SUCH 30 DAY PERIOD, NO PARTY HAS MOVED FOR JUDICIAL REVIEW, THE ARBITRATOR SHALL PROCEED WITH THE ARBITRATION. IF, DURING SUCH PERIOD, EITHER PARTY HAS SOUGHT JUDICIAL REVIEW, THE ARBITRATION SHALL BE STAYED UNTIL THE RULING OF THE COURT AND THE CONCLUSION OF ANY AND ALL APPEALS FROM SUCH RULING.

EITHER PARTY MAY REQUEST AN ARBITRATOR EXPERIENCED IN THE ADULT ENTERTAINMENT INDUSTRY. THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THAT LEVEL OF DUE PROCESS REQUIRED FOR ARBITRATIONS. <u>THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW UNDER THE F.A.A., OR AS PROVIDED FOR IN THIS PARAGRAPH 21. THE COSTS OF ARBITRATION SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND THE CLUB UNLESS APPLICABLE LAW REQUIRES THE ARBITRATOR TO IMPOSE A DIFFERENT ALLOCATION.</u> THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE FORMATION, VALIDITY, INTERPRETATION, AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THESE ARBITRATION PROVISIONS. ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

B.    ENTERTAINER AND THE CLUB AGREE THAT ANY AND ALL CLAIMS SHALL BE BROUGHT AND MAINTAINED INDIVIDUALLY; THAT THEY WILL NOT CONSOLIDATE THEIR CLAIMS WITH THOSE OF ANY OTHER PERSON OR ENTITY; THAT THEY WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM; AND THEY WILL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION AGAINST THE OTHER. IF AT ANY TIME EITHER ENTERTAINER OR THE CLUB IS MADE A MEMBER OF A CLASS IN ANY PROCEEDING BARRED BY THESE PROVISIONS, THEY AGREE TO "OPT OUT" AT THE FIRST OPPORTUNITY.

C.    IN THE EVENT A PARTY SEEKS EMERGENCY RELIEF TO PREVENT OR ABATE ALLEGED IRREPARABLE HARM AND THE PARTIES ARE UNABLE TO AGREE TO AN ARBITRATOR WITHIN THREE (3) BUSINESS

**DAYS, THE PARTIES SHALL JOINTLY PETITION A COURT OF COMPETENT JURISDICTION FOR APPOINTMENT OF A NEUTRAL ARBITRATOR TO PRESIDE OVER THE REQUEST FOR EMERGENCY RELIEF.**

**D.    IN THE EVENT THAT ANY PARTY CHALLENGES, OR IS REQUIRED TO INITIATE PROCEEDINGS TO ENFORCE, THE ARBITRATION REQUIREMENTS OF THIS PARAGRAPH 21, THE PREVAILING PARTY TO SUCH CHALLENGES/ENFORCEMENT PROCEEDINGS SHALL BE ENTITLED TO AN AWARE OF ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, INCURRED IN LITIGATING SUCH ISSUES.**

**E.    ANY RULING ARISING OUT OF A CLAIM BETWEEN THE PARTIES SHALL, TO THE EXTENT NOT PRECLUDED BY LAW, AWARD COSTS INCURRED FOR THE PROCEEDINGS, INCLUDING REASONABLE ATTORNEY FEES, TO THE PREVAILING PARTY.**

**F.    THE ARBITRATION PROVISIONS OF THIS PARAGRAPH 21 SUPERSEDE ANY PRIOR ARBITRATION AGREEMENT(S) ENTERED INTO BETWEEN THE CLUB AND THE ENTERTAINER.**

**ALL PORTIONS OF THIS PARAGRAPH 21 SURVIVE EXPIRATION, TERMINATION, AND/OR CANCELLATION OF THIS LEASE.**

Entertainer Applications attached as Exhibits U-V contain the following comprehensive arbitration provision, which includes a class and collective action waiver:

**21. <u>MUTUAL AGREEMENT TO ARBITRATE/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS.</u>**

**NOTE; PROCEEDINGS IN ADMINISTRATIVE AGENCIES, SUCH AS THE NATIONAL LABOR RELATIONS BOARD, THE DEPARTMENT OF LABOR, AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ARE NOT GOVERNED OR BARRED BY THE PROVISIONS IN THIS PARAGRAPH 21. <u>ENTERTAINER MAY FILE ANY CLAIM SHE WANTS WITH ANY ADMINISTRATIVE AGENCY REGARDLESS OF ANYTHING CONTAINED IN THIS PARAGRAPH 21.</u>**

**IN ORDER TO RESOLVE DISPUTES THAT MAY ARISE OUT OF ENTERTAINER PERFORMING OR HAVING PERFORMED AT THIS CLUB, THE CLUB HAS ESTABLISHED A PRIVATE "ARBITRATION" PROCESS SET OUT IN THIS PARAGRAPH 21. ARBITRATION IS SIMILAR TO A COURT PROCEEDING BUT IT'S LESS .FORMAL, LESS TIME-CONSUMING, AND CAN BE LESS**

EXPENSIVE THAN GOING TO COURT. THROUGH ARBITRATION, THE PARTIES AGREE TO HA VE DISPUTES THAT CANNOT OR WILL NOT BE DECIDED AND CONCLUDED BY AN ADMINISTRATIVE AGENCY (REFERRED TO IN THIS PARAGRAPH 2i AS "NON-ADMINISTRATIVE" DISPUTES OR CLAIMS) RESOLVED BY AN" ARBITRATOR", INSTEAD OF BY A COURT OR JURY. THE ARBITRATOR IS USUALLY A LAWYER AND IS SOMETIMES A RETIRED JUDGE. THE PARTIES AGREE THAT ALL NON- ADMINISTRATIVE DISPUTES SHALL BE RESOLVED AND ADMINISTERED AS FOLLOWS:

A.      ANY CONTROVERSY, DISPUTE OR CLAIM ARISING OUT OF, OR RELATING IN ANY WAY TO, THIS LEASE, ITS TERMINATION, ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME, OR THE TERMINATION OF SUCH PERFORMANCES OR WORK (COLLECTIVELY IN THIS PARAGRAPH 21, A "CLAIM" OR "CLAIMS"), SHALL BE RESOLVED EXCLUSIVELY BY <u>BINDING ARBITRATION</u> IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (THE "F.A.A."). THIS REQUIREMENT TO ARBITRATE ANY AND ALL NON-ADMINISTRATIVE CLAIMS APPLIES REGARDLESS OF:

   i)      WHETHER SUCH A CLAIM IS BASED UP<;)N CONTRACT, COMMON LAW, EQUITY, STATUTE, REGULATION, ORDINANCE, OR OTHERWISE; AND
   ii)     WHETHER A CLAIM BY ONE PARTY IS ONLY AGAINST THE OTHER PARTY OR IS ALSO, OR IS ALTERNATIVELY, AGAINST PERSONS OR ENTITIES ASSOCIATED IN ANY -WAY, WITH THE OTHER PARTY, INCLUDING BUT NOT LIMITED TO PREDECESSORS IN INTEREST, SUCCESSORS IN INTEREST, HEIRS, AND ALL PAST, PRESENT, AND FUTURE OWNERS, DIRECTORS, MANAGERS, OFFICERS, EMPLOYEES, CONSULTANTS, LANDLORDS, LICENSORS, AGENTS, LEGAL REPRESENTATIVES, EXECUTORS, ADMINISTRATORS, AND ASSIGNEES: WITH EACH SUCH INDIVIDUAL AND ENTITY ALSO BEING CONSIDERED TO BE A "PARTY" FOR PURPOSES OF THIS PARAGRAPH 21.

   THE ARBITRATION PROCEEDING SHALL OCCUR IN THE STATE OF TEXAS AND SHALL BE ADMINISTERED BY AN INDEPENDENT NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21--ANY RELIEF AVAILABLE IN A COURT.

   <u>THE PARTIES WAIVE THE RIGHT TO LITIGATE ALL SUCH</u>

**NON-ADMINISTRATIVE CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.** THESE WAIVERS APPLY TO ALL STATUTORY CLAIMS OF EVERY CONCEIVABLE KIND OR NATURE WHATSOEVER (EXCEPT, AGAIN, TO CLAIMS IN ADMINISTRATIVE AGENCIES WHICH, AS REFERENCED IN THE **"NOTE"** ABOVE, ARE **NOT** GOVERNED BY THIS PARAGRAPH 21), INCLUDING BUT NOT LIMITED TO CLAIMS THAT SEEK WAGES AND/OR OTHER EMPLOYMENT BENEFITS, OR THAT ALLEGE HARASSMENT, DISCRIMINATION, OR THE UNLAWFUL PROVIDING OF ALCOHOL ("DRAM SHOP" LIABILITY).

NO DEMAND FOR ARBITRATION MAY BE MADE AFTER THE DATE WHEN THE COMMENCEMENT OF LEGAL OR EQUITABLE PROCEEDINGS BASED ON SUCH A CLAIM WOULD BE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

SUBJECT ONLY TO THE TERMS OF THE F.A.A. AND THIS PARAGRAPH 21, THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE FORMATION, VALIDITY, INTERPRETATION, SCOPE, AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THE ARBITRATION PROVISIONS CONTAINED IN_ THIS PARAGRAPH 21.

**EACH PARTY SHALL INITIALLY BE RESPONSIBLE FOR ITS/THEIR OWN ATTORNEY FEES AND OUT-OF-POCKET COSTS ASSOCIATED WITH THE ARBITRATION PROCEEDING. THE ACTUAL COSTS OF ARBITRATION (THE ARBITRATOR'S FEES AND RELATED EXPENSES) SHALL BE BORNE EQUALLY BY THE ENTERTAINER AND THE CLUB UNLESS APPLICABLE LAW REQUIRES THE ARBITRATOR TO IMPOSE A DIFFERENT ALLOCATION.**

EITHER PARTY MAY REQUEST AN ARBITRATOR EXPERIENCED IN THE ADULT ENTERTAINMENT INDUSTRY. THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THAT LEVEL OF DUE PROCESS REQUIRED FOR ARBITRATIONS. **THE ARBITRATOR'S DECISION (WHICH IS TO BE IN WRITING) SHALL BE FINAL. SUBJECT ONLY TO REVIEW UNDER THE F.A.A. OR AS PROVIDED FOR IN THIS PARAGRAPH 21.** ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

B.    ENTERTAINER AND THE CLUB AGREE THAT ANY AND ALL NON-ADMINISTRATIVE CLAIMS THAT THEY MAY HAVE AGAINST THE OTHER (AND/OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED

WITH THE OTHER), SHALL BE BROUGHT AND MAINTAINED INDIVIDUALLY BY THAT PARTY IN ARBITRATION; THAT THEY WILL NOT CONSOLIDATE THEIR CLAIMS WITH THOSE OF ANY OTHER PERSON OR ENTITY; THAT THEY WILL NOT SEEK CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION TREATMENT FOR ANY CLAIM; AND THAT THEY WILL NOT PARTICIPATE, IN ORDER TO RESOLVE A CLAIM, IN ANY CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION AGAINST THE OTHER (AND/OR AGAINST PERSONS OR ENTITIES ASSOCIATED WITH THE OTHER).

ACCORDINGLY, THE ARBITRATOR SHALL NOT CONSOLIDATE THE CLAIMS OF MORE THAN ONE PERSON OR ENTITY, AND MAY NOT PRESIDE OVER ANY FORM OF REPRESENTATIVE, CLASS, OR COLLECTIVE PROCEEDINGS. IN THE EVENT AN ACTION IS BROUGHT IN ARBITRATION ON BEHALF OF MULTIPLE INDIVIDUALS AND/OR ENTITIES, THE ARBITRATOR SHALL HAVE ONLY THE AUTHORITY TO DIVIDE THE ACTION INTO INDIVIDUAL PROCEEDINGS; EACH THEN TO BE HEARD BY AN INDIVIDUAL ARBITRATOR.

SHOULD AN ARBITRATOR RULE ON WHETHER A MATTER MAY PROCEED AS A REPRESENTATIVE, CLASS OR COLLECTIVE ARBITRATION (A "SCOPE OF ARBITRATION RULING"), THE ARBITRATOR SHALL IMMEDIATELY STAY ALL PROCEEDINGS FOR A PERIOD OF THIRTY (30) DAYS FOLLOWING SUCH A RULING TO PERMIT ANY PARTY TO MOVE A COURT OF COMPETENT JURISDICTION TO CONFIRM OR VACATE THE SCOPE OF ARBITRATION RULING BY DETERMINING WHETHER THE SCOPE OF ARBITRATION RULING IS IN ACCORDANCE WITH APPLICABLE LAW AND THE TERMS OF THIS PARAGRAPH 2I(B). IF, AT THE END OF SUCH 30 DAY PERIOD, NO PARTY HAS MOVED . FOR JUDICIAL REVIEW, THE ARBITRATOR SHALL PROCEED WITH THE ARBITRATION.

HOWEVER, IF ANY PARTY HAS SOUGHT JUDICIAL REVIEW DURING THAT PERIOD, THE ARBITRATION SHALL BE STAYED UNTIL THE RULING OF THE COURT AND THE CONCLUSION OF ANY AND ALL APPEALS FROM SUCH RULING.

IN THE EVENT THAT ANY PARTY IS MADE, AT ANY TIME, A MEMBER OF A CLASS IN ANY PROCEEDING BARRED BY THE PROVISIONS OF THIS PARAGRAPH 2I(B), THE PARTY AGREES TO "OPT OUT" AT THE FIRST OPPORTUNITY.

**C.**     **IF AT ANY TIME THE PROVISIONS OF PARAGRAPH 21(B) THAT REQUIRE CLAIMS ONLY TO BE BROUGHT ON AN INDIVIDUAL BASIS ARE RULED TO BE UNENFORCEABLE, THEN THE ARBITRATION MAY PROCEED AS AN OPT IN COLLECTIVE ACTION GENERALLY UTILIZING THE PROCEDURES ADOPTED UNDER 29 UNITED STATES CODE SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT FOR DETERMINING THE PARTICIPANTS IN SUCH AN ACTION.**

**UNDER NO CIRCUMSTANCE SHALL AN ARBITRATION PROCEED ON A CLASS ACTION, OPT OUT, BASIS; THE PARTIES SPECIFICALLY INTENDING THAT IF CLASS ACTION PROCEEDINGS ARE DEEMED TO BE LEGALLY REQUIRED FOR ANY CLAIM, THEN THEY AND ALL OTHER RELATED CLAIMS SHALL BE ADMINISTERED BY A COURT OF LAW.**

**D.**     **SHOULD A PARTY SEEK EMERGENCY RELIEF TO PREVENT OR ABATE ALLEGED IRREPARABLE HARM AND THE PARTIES BE UNABLE TO AGREE TO AN ARBITRATOR WITHIN THREE (3) BUSINESS DAYS, THE PARTIES SHALL JOINTLY PETITION A COURT OF COMPETENT JURISDICTION FOR APPOINTMENT OF A NEUTRAL ARBITRATOR TO PRESIDE OVER THE REQUEST FOR EMERGENCY RELIEF.**

**E.**     **IN THE EVENT THAT ANY PARTY CHALLENGES, OR IS REQUIRED TO INITIATE PROCEEDINGS TO ENFORCE, THE. ARBITRATION REQUIREMENTS OF THIS PARAGRAPH 21, THE PREVAILING PARTY TO SUCH CHALLENGES/ENFORCEMENT PROCEEDINGS SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, INCURRED IN LITIGATING SUCH ISSUES.**

**IN ADDITION, IF A PARTY CHALLENGES, OPPOSES, OR FAILS TO CONSENT TO, THE ENFORCEABILITY OF THE ARBITRATION REQUIREMENTS CONTAINED IN THIS PARAGRAPH 21, ANY PARTY THAT PREVAILS IN OBTAINING ENFORCEMENT OF THESE ARBITRATION , PROVISIONS SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, INCURRED IN LITIGATING ANY OTHER MATTERS IN A COURT OF LAW THAT WOULD NOT HAVE BEEN NECESSARY HAD THE CLAIM(S) INITIALLY BEEN BROUGHT IN ARBITRATION UNDER THE TERMS OF THIS PARAGRAPH 21.**

**F.**     **ANY RULING ARISING OUT OF A CLAIM BETWEEN THE PARTIES SHALL, TO THE EXTENT NOT PRECLUDED BY LAW, AWARD COSTS**

INCURRED FOR THE PROCEEDINGS, INCLUDING REASONABLE ATTORNEY FEES, TO THE PREY AILING PARTY.

G.   THE ARBITRATION PROVISIONS OF THIS PARAGRAPH 21 SUPERSEDE ANY PRIOR ARBITRATION AGREEMENT(S) ENTERED INTO BETWEEN THE CLUB AND THE ENTERTAINER.

ALL PORTIONS OF THIS PARAGRAPH 21 SURVIVE EXPIRATION, TERMINATION, AND/OR CANCELLATION OF THIS LEASE.

<u>ARGUMENT AND AUTHORITIES</u>

The Fifth Circuit has clearly articulated the applicable legal standard when a party moves to compel arbitration pursuant to an agreement:

'[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). When considering a motion to compel arbitration, courts conduct a two-step inquiry. *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257 (5th Cir. 1996). First, courts consider "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Personal Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (quotations omitted). Next, courts consider "'whether legal constraints external to the parties' agreement foreclose [] the arbitration of those claims.'" *Webb, 89 F.3d at 258* (quoting *Mitsubishi*, 473 U.S. at 628).

This Court should grant the Defendants' motion because the scope of the arbitration clause expressly includes wage claims and collective actions, and because the agreement is enforceable.

16

I.      **Entertainer Application signed by the Plaintiffs explicitly requires arbitration in the states of Illinois, Colorado, or Texas.**

The Entertainer Application expressly applies to "any controversy, dispute, or claim arising out of, or relating in any way to, this lease, its termination, entertainer performing and/or working at the club at any time, or the termination of such performances or work (collectively in this paragraph 21, a "claim" or "claims")." *See* Exhibits A-Q. The Entertainer Applications listed as Exhibits R-V state "except for any administrative proceedings that are not legally barred by this paragraph, any controversy, dispute, or claim arising out of this lease or relating in any way to entertainer performing and/or working at the club at any time (in this paragraph 21, collectively "claim"), whether contractual, in tort, or based upon common law or statute, shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act (the "F.A.A.")." *(See* Exhibits R-V.)

The Entertainer Applications labeled as Exhibits A-Q and U-V provide further "the parties waive the right to litigate all such non-administrative claims in a court of law, and waive the right to trial by jury. These waivers apply to all statutory claims of every conceivable kind or nature whatsoever (except, again, to claims in administrative agencies which, as referenced in the "note" above, are not governed by this paragraph 21), including but not limited to claims that **seek wages and/or other employment benefits**, or that allege harassment, discrimination, or the unlawful providing of alcohol ("dram shop" liability)." (emphasis added) *(See* Exhibits A-Q and U-V.)

"There can be no question that the arbitration clause at issue in this case applies to Plaintiffs' claims and allegations, which state that "Defendants failed to pay Plaintiffs

wages and overtime wages for all hours worked in violation of 29 U.S.C. 206 and 207 of the FLSA...Plaintiffs and FLSA Class Members seek to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees." [*See* Docket No. 25] The heart of the dispute is in connection with the performance services rendered by Plaintiffs at Polekatz and the Plaintiffs seeking wages related to said performance rendered, and is therefore governed by the arbitration clause in the Entertainer Application. Further, the arbitration clause explicitly states that the entertainer and the club agree that ***they will not consolidate their claims with those of any other person or entity, they will not seek class, collective, or representative action treatment for any claim, and they will not participate, in order to resolve a claim, in any class, collective, or representative action against the other, and they agree to "opt out" at the first opportunity.*** (*See* Exhibits A-V.) Therefore, the Plaintiffs agreed to and did waive their right to join any class action and instead participate in arbitration.

## II.    No external legal constraints preclude enforcement of the arbitration clause, including the collective action waiver.

The Federal Arbitration Act ("FAA") established a liberal federal policy favoring arbitration agreements, and lower courts should "rigorously enforce arbitration agreements according to their terms, including terms that specify with whom [the parties] choose to arbitrate their disputes, and the rules under which that arbitration will be conducted. *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 229, 223 (2013) (internal quotation marks and citations omitted; emphasis and brackets in original.) Furthermore, absent a "contrary congressional command prohibiting waivers of class arbitration," arbitration

clauses waiving rights to class or collective actions should be enforced. Id. As the Supreme Court held earlier this year, neither the National Labor Relations Act nor the FLSA contains any such language, and arbitration clauses containing collective action waivers are enforceable pursuant to the broad purpose of the Federal Arbitration Act. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1632 (2018).

Moreover, "the Federal Arbitration Act (FAA) expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." Wash. Mut. Fin. Grp., L.L.C. v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004) (quotations omitted). Specifically, pursuant to the FAA, individually executed arbitration agreements do not only preclude an individual from pursuing an FLSA claim in court, but also from proceeding in a collective action. Epic, 138 S. Ct. at 1632.

Nor is the Entertainer Application unenforceable or unconscionable as a matter of Texas contract law. *See Carrell v. L & S Plumbing P'ship, Ltd*., CIV.A. H-10-2523, 2011 WL 3300067, at *3 (S.D. Tex. Aug. 1, 2011) (state law governs defenses to enforceability of contracts containing arbitration provisions). Courts in Texas and in other jurisdictions have enforced arbitration provisions to FLSA claims brought by adult entertainers over challenges of unconscionability. See *Henderson v. A & D Interests, Inc.*, No. 3:17-CV-096, 2018 WL 1240431, at *2 (S.D. Tex. Mar. 9, 2018); *Stevenson v. Great Am. Dream, Inc.,* Civil Action File No. 1:120CV03369-TWT, 2014 WL 186101, at *3 (N.D. Georgia, Jan. 16, 2014) ("[L]ack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability"); *D'Antuono v. Service Road Corp.*, 789 F.Supp. 308, 344 (D. Conn. 2011) ("In all litigation, plaintiffs and their attorneys take on a risk of spending

19

money on litigation that they may eventually be unable to recover from any defendants").

The Entertainer Application requires this dispute to be arbitrated in the states of Illinois, Colorado, or Texas (depending on which arbitration agreement the Plaintiffs signed). This Court should compel Plaintiffs to arbitration in accordance with the arbitration provisions in their agreements and in accordance with Federal policy and dismiss their causes of action against Defendants. See *Allen v. Apollo Group, Inc.*, Civ. Action No. H-04-3041, 2004 WL 3119918, at *10 (S.D. Tex. Nov. 9, 2004).

## PRAYER

Defendants Houston KP, LLC d/b/a Polekatz Houston f/k/a Scores, Houston KP Manager, LLC, Sanad Ibrahim, and Anthony Quaranta request that this Court dismiss the claims brought by Plaintiffs Mariah Carpenter, Jasmine Thomas, Christina Vital, Sydne Holloway, Madeline Rush, Carolyn Simon, Brittney Hailey, Samantha Avie, Heather Masterpool, Alexis Ramsey, Kaycie Newman, Victoria Manriquez, Angela Gabbard, Kitira Dikeman, Simone Galloway, Jazmine Mohamed, Rici Rachel, Aleisa Pena, Breann Oneal, Tatiana Vasquez, Polina White, and Amayja Session in favor federal policy and of the procedures set forth for dispute resolution in the Entertainer Applications signed by each Plaintiff listed in this Motion.

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
State Bar No: 24028183
S.D. Texas No: 26968
ANNA C. HANNA
State Bar. No: 24110531
S.D. Texas No: 3384752
1225 North Loop West, Suite 640
Houston, Texas  77008
(713) 880-2992 Tele.
(713) 880-5297 Fax
Email: al@vanhuff.com
Email: ahanna@vanhuff.com

ATTORNEYS FOR DEFENDANTS
HOUSTON KP, LLC D/B/A POLEKATZ
HOUSTON F/K/A SCORES, HOUSTON
KP MANAGER, LLC AND SANAD
IBRAHIM

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served upon the following parties via electronic mail on the 19th day of November, 2021 in accordance with the Federal Rules of Civil Procedure.

Jarrett L. Ellzey, Jr.
HUGHES ELLZEY, LLP
1105 Milford Street
Houston, TX 77006
(713) 332-6387
email: jarrett@hughesellzey.com

Attorney for Plaintiff

William Craft Hughes
HUGHES ELLZEY, LLP
1105 Milford Street
Houston, TX 77006
(713) 332-6387
email: craft@hughesellzey.com

Attorney for Plaintiff

Leigh S. Montgomery
HUGHES ELLZEY, LLP
1105 Milford Street
Houston, TX 77006
(713) 332-6387
email: leigh@hughesellzey.com

Attorney for Plaintiff

Jesenia A. Martinez
Kristensen, LLP
12540 Beatrice Street, Suite 200
Los Angeles, CA 90066
(310) 507-7924
jesenia@kristensenlaw.com

Attorney for Plaintiff

/s/ Albert T. Van Huff
Albert T. Van Huff