Case 4:20-cv-00663   Document 95   Filed on 09/28/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARYN JOHNSON, aka KITTY/MILLI, *et al.*, | § § § |
| Plaintiffs, | § § |
| VS. | § CIVIL ACTION NO. 4:20-CV-663 |
| | § § |
| HOUSTON KP, LLC D/B/A POLEKATZ HOUSTON F/K/A SCORES, *et al.*, | § § § § |
| Defendants. | § § |

## ORDER

Pending before the Court is Defendants' Houston KP, LLC d/b/a Polekatz Houston f/k/a Scores ("Polekatz"), Houston KP Manager, LLC ("KP Manager"), Sanad Ibrahim ("Ibrahim"), and Anthony Quaranta ("Quaranta") (collectively "Defendants") Motion to Dismiss Plaintiff Christina Roth. (Doc. No. 75). Plaintiffs Karyn Johnson ("Johnson"), Lorenza Lombana ("Lombana"), Danielle Gutierrez ("Gutierrez"), and Christina Roth ("Roth") (collectively "Plaintiffs") did not file a Response.

### I.     Background

This case arises out of a wage dispute. Defendants include owners and operators of an adult-oriented club featuring exotic dancers. Plaintiffs, including Plaintiff Christina Roth, used to work as exotic dancers at Defendants' club. While working at the club, Plaintiffs' primary duties included dancing and entertaining customers.

According to the Plaintiffs, Defendants did not pay the dancers. Instead, the dancers were paid by customer tips. In addition to being the sole source of compensation for the Plaintiffs, they were expected to share their tips with Defendants and non-dancer employees of the club who did

1

not regularly receive tips. Plaintiffs brought this action against Defendants, alleging a violation of the Fair Labor Standards Act ("FLSA") tipped-employee compensation provision. 29 U.S.C. § 203(m).

Defendants previously filed a motion to dismiss, arguing that certain plaintiffs signed valid and enforceable arbitration agreements. (Doc. No. 61). The Court granted that motion to dismiss. (Doc. No. 68). Defendants have since located an additional arbitration agreement signed by Roth and filed a second Motion to Dismiss. (Doc. No. 75).

## II.   Legal Standard

The Federal Arbitration Act ("FAA") creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). Section 2 of the FAA provides that a written arbitration agreement in any contract involving interstate commerce is valid, irrevocable, and enforceable, except on grounds that would permit the revocation of a contract in law or equity. 9 U.S.C.A. § 2. Section 4 of the FAA permits a party to seek an order compelling arbitration if the other party has failed to arbitrate under the agreement. *Id.* at § 4.

Arbitration is a matter of contract. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 231 (2013). Courts must rigorously enforce arbitration agreements according to their terms. *Id.* at 228. As with any other contract, the parties' intentions control. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Those intentions are generously construed in favor of arbitrability. *Id.*

Courts apply a two-step analysis to determine whether a party may be compelled to arbitrate. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). First, courts ask: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within

the scope of that arbitration agreement." *Id.* Next, courts consider if "any federal statute or policy renders the claims nonarbitrable." *Id.* If a court concludes that there is a valid agreement to arbitrate and no federal policy renders the claims nonarbitrable, the court may compel arbitration. *Id.*

### III. Analysis

The Court previously granted Defendants' first motion to dismiss. (Doc. No. 68). As the Court pointed out in its previous Order (Doc. No. 68), the specified plaintiffs all signed arbitration agreements. In light of the contractual provisions, the Court dismissed the plaintiffs in favor of arbitration. Likewise, the Court dismisses Roth in favor of arbitration.

Defendants explain that they would have included Roth in their first motion to dismiss but only recently located her arbitration agreement. (Doc. No. 61). Defendants produced the Entertainer Application signed by Roth, and Roth acknowledged at her deposition that it was her signature on the agreement. (Doc. No. 75). Roth's Entertainer Application is nearly identical to those signed by the previously dismissed plaintiffs. Importantly, Roth's Entertainer Application contains a virtually identical arbitration clause, which provides that the parties should resolve any controversy, dispute, or claims by binding arbitration in accordance with the FAA. Plaintiffs have filed no response in opposition. Thus, they have offered no reason why the Court should not enforce the agreement as the parties have contracted. Since Defendants produced the Entertainer Application, it contains a clear arbitration provision, and it was signed and acknowledged by Roth, the Court dismisses Roth in favor of arbitration.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants Motion to Dismiss Plaintiff Christina Roth, finding that she signed a valid and enforceable arbitration agreement. (Doc. No. 75).

Signed at Houston, Texas, on this the 28th day of September, 2022.

Andrew S. Hanen
United States District Judge