United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KARYN JOHNSON, aka | § | |
| KITTY/MILLI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-663 |
| | § | |
| HOUSTON KP, LLC D/B/A | § | |
| POLEKATZ HOUSTON F/K/A | § | |
| SCORES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Pending before the Court is Defendants' Houston KP, LLC d/b/a Polekatz Houston f/k/a Scores ("Polekatz"), Houston KP Manager, LLC ("KP Manager"), Sanad Ibrahim ("Ibrahim"), and Anthony Quaranta ("Quaranta") (collectively "Defendants") Motion to Dismiss Plaintiffs Karyn Johnson and Danielle Gutierrez. (Doc. No. 81). Plaintiffs Karyn Johnson ("Johnson") and Danielle Gutierrez ("Gutierrez") (collectively "Plaintiffs") filed a Response in opposition (Doc. No. 82), and Defendants filed a Reply in support. (Doc. No. 84). After reviewing the briefing and the applicable law, the Court **DENIES** Defendants' Motion to Dismiss Johnson and Gutierrez. (Doc. No. 81).

### I.      Background

Plaintiffs worked as exotic dancers at Defendants' adult-oriented club. During their time as dancers at Defendants' club, Plaintiffs were not paid by Defendants. Instead, according to the Plaintiffs, the dancers only received customer tips. The dancers were obligated to share their tips with other employees and Defendants. Plaintiffs brought this lawsuit against Defendants,

1

contending that Defendants conduct violated the Fair Labor Standards Act ("FLSA") tipped employee compensation provision. 29 U.S.C. § 203(m).

Plaintiffs filed suit over two years ago. Since then, the parties have engaged in discovery and litigated various issues of the case. Importantly, Defendants previously filed a motion to dismiss certain plaintiffs. (Doc. No. 61). The Court granted that motion, acknowledging that all the named plaintiffs signed arbitration agreements. (Doc. No. 68). Similarly, Defendants filed a second motion to dismiss upon finding an additional written and signed arbitration agreement. (Doc. No. 75). The Court, again, granted that motion. (Doc. No. 95). Defendants now file their third Motion to Dismiss.

## II.     Legal Standard

The Federal Arbitration Act ("FAA") creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). Section 2 of the FAA provides that a written arbitration agreement in any contract involving interstate commerce is valid, irrevocable, and enforceable, except on grounds that would permit the revocation of a contract in law or equity. 9 U.S.C.A. § 2. Section 4 of the FAA permits a party to seek an order compelling arbitration if the other party has failed to arbitrate under the agreement. *Id.* at § 4.

Arbitration is a matter of contract. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 231 (2013). Courts must rigorously enforce arbitration agreements according to their terms. *Id.* at 228. As with any other contract, the parties' intentions control. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Those intentions are generously construed in favor of arbitrability. *Id.*

2

Courts apply a two-step analysis to determine whether a party may be compelled to arbitrate. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). First, courts ask: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement." *Id*. Next, courts consider if "any federal statute or policy renders the claims nonarbitrable." *Id*. If the Court concludes that there is a valid agreement to arbitrate and no federal policy renders the claims nonarbitrable, the Court may compel arbitration. *Id*.

### III.   Analysis

The question for the Court to answer is whether Defendants can enforce a contractual arbitration clause based upon a contract no one apparently has. When a document is lost or destroyed, it may be enforceable if it terms can be shown by clear and convincing parol evidence. *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1132 (5th Cir.1992); *In re Estate of Berger*, 174 S.W.3d 845, 847 (Tex.App.—Waco 2005, no pet.).

### A.   Defendants cannot prove the existence or terms of the alleged arbitration agreements.

Defendants are not able to supply physical copies of the contracts containing the purported arbitration agreements. In fact, Defendants admit that they no longer have the agreements in their possession. Instead, Defendants supplied the Court with sample contracts signed by other dancers and claim that in order to perform Plaintiff were required to sign a similar agreement, "which always includes mandatory arbitration language." While this certainly suggests a custom or practice, there is no actual evidence that the two Plaintiffs in question signed a contract with similar provisions.

Defendants attempt to use the Affidavit of Anthony Quaranta to establish that "Defendant routinely requires its dancers to sign these forms" before beginning work. (Doc. No. 81). In that

affidavit, Quaranta describes himself as "the Sole Manager of Defendant Houston KP, LLC" and claims that "Plaintiffs in this case, Karyn Johnson and Danielle Gutierrez, could not have initiated their employment at the Club without signing an arbitration agreement"; however, in an affidavit attached to Defendants Motion for Summary Judgment (Doc. No. 74), Quaranta claims that he has "never hired, fired, scheduled, supervised, given instruction to and/or taken any action whatsoever specific to any of the Plaintiffs." This certainly puts the credibility of his testimony into question, and the Court is not convinced that this constitutes clear and convincing evidence that the parties agreed to arbitrate. *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005) (accepting an affidavit as evidence of an arbitration agreement only when "its credibility was in no manner brought into question").

Additionally, Defendants try to use Plaintiffs' deposition statements to bolster the existence of their arbitration agreements. As recounted by Defendants in their motion, "Johnson recalled signing a document," and Gutierrez "confirmed she signed an Entertainment Lease." Unfortunately, Defendants did not attach the deposition transcripts as Exhibits, so the Court cannot evaluate these statements. Even if the Court assumes the statements are true for purposes of this Motion, the Court finds that these vague statements are not sufficient to establish an agreement to arbitrate. Mere statements by Plaintiffs that "**allude** to Plaintiffs signing an Entertainer Application" is not clear and convincing parol evidence of an agreement to arbitrate. (Doc. No. 81).

Further, the Court would be hard pressed to enforce the putative arbitration agreement (even if it concluded that Plaintiffs signed arbitration agreements) because the terms are not ascertainable. For example, while all the Entertainer Applications contain virtually identical provisions in regards of when arbitration is required, the Applications contain different governing

4

law provisions. Some of the Applications require the parties to apply Illinois law while other Applications select Texas as the governing law. For that reason, Defendants could not prove the contents of the missing document, and the Court cannot enforce an alleged agreement without proof of its terms.[1]

### B.    Defendants waived their right to arbitrate.

Even if the Defendants had the physical copies of Plaintiffs' alleged arbitration agreements (which they do not) or could prove the terms of the alleged agreements with some specificity (which they cannot), the Court would likely conclude that Defendants waived their right to arbitrate. The Fifth Circuit has held that a party waives it rights to arbitrate when it substantially invokes the judicial process to the detriment or prejudice of the other party. *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576 (5th Cir.1991). Prejudice means "the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009). Further, a party only waives its right to arbitrate when it engages in some overt act in court that evidences a desire to resolve the arbitrable dispute through litigation instead of arbitration. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004).

Defendants contend that they did not waive their right to compel arbitration because "defects in the court's subject matter jurisdiction can be raised at any time." While a true statement, Defendants incorrectly categorize this issue.[2] The question of whether to compel arbitration does

---

[1] It is unclear whether Texas or Illinois law would control since the arbitration clauses contain different provisions. Under both laws, however, a party is required to prove the contents or terms of a missing document in order to enforce the instrument. *See Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540–41 (5th Cir. 2005); *see also* Tex. Bus. & Comm. Code Ann. § 3.309(b).

[2] Defendants incorrectly categorize the Court's decision in its previous Order. (Doc. No. 68). Defendants state that the Court granted Defendants Motion to Dismiss twenty-two of the twenty-six Plaintiffs "for lack of subject matter

not involve subject matter jurisdiction. *Ruiz v. Donahoe*, 784 F.3d 247, 249–50 (5th Cir. 2015) ("agreements to arbitrate implicate forum selection and claims-processing rules not subject matter jurisdiction."). The two concepts are distinct. *Id.* Unlike subject matter jurisdiction, a party can waive a right to compel arbitration. *See Republic Ins. Co.*, 383 F.3d at 345.

The Court finds that Defendants undertook extensive litigation activities before asserting their right to arbitrate. Defendants filed an answer, conducted discovery, including multiple depositions, and filed and responded to summary judgment motions all before Defendants filed their Motion to Dismiss. Additionally, Defendants filed their third Motion to Dismiss over two years after the case was initially filed and a month past the Dispositive Motion deadline set in the Scheduling Order. This conduct demonstrates a desire to resolve the dispute through litigation rather than arbitration. *See id.*

In addition to invoking the judicial process, there must be prejudice to the party opposing arbitration before courts will find waiver. *Republic Ins. Co.*, 383 F.3d at 344. The Court concludes that Plaintiffs would be prejudiced if arbitration is compelled because they have incurred significant legal fees, participated in full-fledged discovery, expert preparation, and trial preparation. *Id.* Taken together, the facts compel the Court to conclude that Defendants have waived their right to compel arbitration.

---

jurisdiction." In reality, the Court dismissed the twenty-two plaintiffs because of the binding arbitration clauses within their Entertainer Applications.

## IV.    Conclusion

The Court **DENIES** Defendants' Motion to Dismiss Plaintiffs Kathryn Johnson and Danielle Gutierrez (Doc. No. 81).

Signed at Houston, Texas, on this the 28th day of September, 2022.

Andrew S. Hanen
United States District Judge